UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| MARTIA P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:20-CV-560-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## <u>INTRODUCTION</u>

Plaintiff Martia P. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") that denied her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 18).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 13, 16. Plaintiff also filed a reply. *See* ECF No. 17. For the reasons set forth below, the Commissioner's motion (ECF No. 16) is **DENIED**, and Plaintiff's motion (ECF No. 13) is **GRANTED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## <u>BACKGROUND</u>

On June 27, 2016, Plaintiff protectively filed a claim for SSI alleging disability beginning January 1, 2015 (the disability onset date) due to migraines, depression, anxiety, and post-traumatic stress disorder. Transcript ("Tr") 11, 53-60, 156-61, 174. Plaintiff's claim was denied initially on December 27, 2016, after which she requested an administrative hearing. Tr. 11. On

October 9, 2018, Administrative Law Judge Theodore Kim (the "ALJ") conducted a video hearing from Falls Church, Virginia. Tr. 11, 27-52. Plaintiff appeared and testified from West Seneca, New York, and was represented by Jeanne Murray, an attorney. *Id*. Jane F. Beougher, an impartial vocational expert ("VE"), also appeared and testified at the hearing. *Id*.

The ALJ issued an unfavorable decision on February 28, 2019, finding that Plaintiff was not disabled. Tr. 11-22. On March 12, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-5. The ALJ's February 28, 2019 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II.   The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful

work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## <u>ADMINISTRATIVE LAW JUDGE'S FINDINGS</u>

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his February 28, 2019 decision:

1.  The claimant has not engaged in substantial gainful activity since June 27, 2016, the application date (20 CFR 416.971 *et seq.*);

2.  The claimant has the following severe impairments: obesity; generalized anxiety disorder; depression; schizophrenia spectrum disorder; psychotic disorder, not otherwise specified; and post-traumatic stress disorder (20 CFR 416.920(c));

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926);

4.  The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. The claimant can occasionally kneel, crouch, stoop, balance, and crawl and can occasionally climb stairs and ramps.  She can never climb ladders, ropes, and scaffolds. The claimant can never be exposed to unprotected heights and moving mechanical parts. The claimant can understand, remember and carryout simple instructions.  The claimant can make simple work-related decisions.  The claimant can occasionally deal with supervisors and coworkers but can never deal with the public.  The claimant can occasionally deal with changes in a routine work setting.  The claimant will be off task 5% of the workday;

5.  The claimant has no past relevant work (20 CFR 416.965);

6.  The claimant was born on August 2, 1989, and was 26 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963);

7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964);

8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968);

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a);

10.  The claimant has not been under a disability, as defined in the Social Security Act, since June 27, 2016, the date the application was filed (20 CFR 416.920(g)).

Tr. 11-22.

4

Accordingly, the ALJ determined that, based on the application for supplemental security benefits filed on June 27, 2016, the claimant is not disabled under section 1614(a)(3)(A) of the Act. Tr. 22.

## ANALYSIS

Plaintiff asserts two points of error. First, Plaintiff argues that the ALJ erred in assigning only some weight to the opinion evidence of record and relied on his own interpretation of raw medical data to formulate a "highly specific RFC not otherwise tethered to the record."  *See* ECF No. 13-1 at 16. More specifically, Plaintiff contends that because the ALJ did not give controlling or substantial weight to any opinion that supported the RFC, it is unclear how the ALJ determined the limitations set forth in the RFC. *See id*. at 16-22. Plaintiff further argues that there was no evidence in the record to support the ALJ's determination that Plaintiff would be off task 5% of the workday, and the ALJ should have further developed the record to adequately assess Plaintiff's limitations. *See id*. at 22-23. Second, Plaintiff argues that the ALJ improperly relied on Plaintiff's history of non-compliance to evaluate the credibility of Plaintiff's subjective complaints. *See id*. at 23-27. Plaintiff contends that the ALJ was obligated to consider the role Plaintiff's mental impairments may have played in her failure to maintain consistent mental health treatment. *See id*. Based on these alleged errors, Plaintiff argues that the ALJ's RFC was not based on substantial evidence and remand is required. *See id*. at 16-27.

The Commissioner maintains that the ALJ's RFC determination was based on all the relevant evidence in the case record, and there is no requirement that the ALJ's RFC finding mirror a medical opinion in the record, as Plaintiff argues. *See* ECF No. 16-1 at 7-11. Further, argues the Commissioner, Plaintiff has not identified any deficiencies or gap in the record warranting remand. *See id*. at 11-12. As such, argues the Commissioner, Plaintiff has failed to identify any reversible

error by the ALJ in assessing Plaintiff's RFC. *See id*. at 7-12. With respect to Plaintiff's second point of error, the Commissioner maintains that the ALJ properly discussed the medical evidence and testimony regarding Plaintiff's subjective complaints and properly determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. *See id*. at 12-16. Accordingly, argues the Commissioner, Plaintiff has not shown that the ALJ erred in evaluating Plaintiff's subjective complaints about her symptoms. *Id*.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

 Upon review of the record in this case, the Court finds that the ALJ thoroughly discussed the evidence of record, including the medical opinion evidence, the treatment records and objective medical evidence, as well as Plaintiff's subjective complaints, and his conclusion that Plaintiff could perform work at any exertional level with the nonexertional. limitations noted above was supported by substantial evidence, except as to the finding that Plaintiff would be off task 5% of the work day. There is simply no discussion of the 5% off-task limitation, or how the ALJ arrived at such. His otherwise detailed analysis adds nothing to support this conclusion.

Cases in this Circuit, as well as from this district (albeit not precedent) are clear that the ALJ must demonstrate how an off-task limitation was reached. A very specific RFC assessment— such as the specific amount of time a claimant can spend on certain activities—must be based on

evidence in the record, not on "the ALJ's own surmise." *Cosnyka v. Colvin*, 576 Fed. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ "translated" medical evidence suggesting that the claimant would be off task "for ten percent of the workday" into a determination that the claimant would be off task "six minutes out of every hour" because "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday"); *see also Brianna E. v. Comm'r of Soc. Sec.*, No. 20-CV-00156-FPG, 2021 WL 2182716, at *3 (W.D.N.Y. May 28, 2021); *Wouters v. Comm'r of Soc. Sec.*, No. 19-cv-610-FPG, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (quoting *Cosnyka*, 576 F. App'x at 46 ("Specific RFC assessments, like percentage of time off-task, must be based on evidence in the record, not on an 'ALJ's own surmise.'").

Without "some explanation" from the ALJ "as to the tether between [the] RFC and the non-stale medical opinions or statements from [the claimant], the RFC [is] based upon [the ALJ's] lay analysis of [the claimant's] limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018); *see Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at *10 (W.D.N.Y. Dec. 17, 2019). There must be some identifiable rationale for the conclusion. In this case, there was no medical evidence suggesting that Plaintiff would be off task 5% of the workday, and there was no explanation from the ALJ to tether this limitation to the opinion evidence or to any statements from Plaintiff. The ALJ should explain why he came up with his conclusion.  Accordingly, the Court finds that remand is warranted on this technical point.

## <u>CONCLUSION</u>

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 13) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE